UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED

AUG - 9 2017

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. |
| PAUL EVERETT CREAGER, ) | 4:17CR356 RWS/JMB |
| Defendant. ) | |

## INDICTMENT

### COUNT I

The Grand Jury charges that:

*Introduction*

1. At all relevant times, the Defendant Paul Everett Creager was a resident of Wildwood, Missouri which lies within the Eastern District of Missouri.

2. At all relevant times, the Defendant was engaged in residential real estate development in St. Louis County which lies within the Eastern District of Missouri. The Defendant did business through a number of entities.

3. The Defendant financed his business activities with, among other things, promissory notes, borrowing through at least one private lender and by selling interests in his entities to investors wishing to acquire equity.

4. Between January 2015 and August 2016, Defendant had successfully completed a number of residential real estate projects and was engaged in others that had not yet been completed. By August 2016, Defendant had received millions of dollars from investors and lenders for his various business entities and was in need of additional capital.

*The Scheme*

5.     Between approximately June 1, 2016 and September 30, 2016, the Defendant solicited $724,024.14 from two investors known to the Grand Jury whose initials are V.Y. and T.Z. V.Y. invested $100,000 and T.Z. invested $624,024.14 in exchange for a percentage of ownership in Defendant's businesses.

6.     During the aforementioned time period, Defendant provided V.Y. and T.Z. statements and other representations about the nature and financial health of his business. Specifically, Defendant provided information used to prepare financial reports showing his businesses had millions of dollars in net value after deducting debt from assets. Additionally, Defendant provided information that his personal net worth, separate from his business holdings, was more than one million dollars. V.Y. and T.Z. relied on these representations, in addition to their knowledge of other aspects of Defendant's business including Defendant's ongoing projects and his skill and reputation as a builder.

7.     By July 2016, unbeknownst to V.Y. and T.Z., Defendant had borrowed more than $3.2 million from Financial & Marketing Solutions, LLC ("FMS") which is a private lender. Defendant gave FMS a priority secured position in his real estate developments as well as a number of his personal assets including Defendant's personal home and his vacation home. Defendant neither mentioned this debt nor identified the debt owed to FMS on any of the financial documents and information presented to V.Y. and T.Z. Had this debt been disclosed, the net value of Defendant's businesses would have been materially reduced by the amount of the debt.

8.     By early 2017, despite the infusion of capital from V.Y. and T.Z., Defendant's business was unable to meet its financial obligations and became delinquent to FMS.

9.     On or about July 10, 2017, FMS initiated foreclosure on all of Defendant's business developments and on numerous personal assets of Defendant. The investments of V.Y. and T.Z. appear to have been wiped out in less than one year.

*Offense Conduct*

10. On or about August 24, 2016, having devised the foregoing scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises and for the purpose of executing the same,

**PAUL EVERETT CREAGER,**

the Defendant herein did use and cause to be used in interstate commerce, wire communications, to wit: a wire transfer of $30,000 from a financial account controlled by V.Y. in the State of New York to a financial account controlled by Defendant in the State of Illinois.

In violation of Title 18, United States Code Section 1343.

## COUNT II

11. The allegations contained in Count I are hereby realleged and incorporated by reference.

12. On or about September 15, 2016, having devised the foregoing scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises and for the purpose of executing the same,

**PAUL EVERETT CREAGER,**

the Defendant herein did use and cause to be used in interstate commerce, wire communications, to wit: a wire transfer of $291,144.81 from a financial account controlled by T.Z. in the State of Missouri to a financial account controlled by Defendant in the State of Illinois.

In violation of Title 18, United States Code Section 1343.

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 981(a) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 1343, as set forth in Counts One and Two, the defendant shall forfeit to the United States of America any property, real or personal, constituting or derived from any proceeds traceable to said offense.

2. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said offense of at least $724,024.14

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty, the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL

_____
FOREPERSON

CARRIE COSTANTIN
Acting United States Attorney

_____
Thomas C. Albus, #46224MO
Assistant United States Attorney