UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No.: 4:17-CR-356-RWS |
| | ) |
| PAUL EVERETT CREAGER, | ) |
| | ) |
| Respondent. | ) |

**GOVERNMENT'S SENTENCING MEMORANDUM**

COMES NOW the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Thomas C. Albus, Assistant United States Attorney for said District, and respectfully offers its sentencing memorandum.

*Presentence Report*

There are no objections to the Presentence Report that affect the sentencing guidelines or that materially affect the overall narrative of the report.  Defendant's only objection involves a dispute of statements of his ex-wife.  PSR at ¶ 61.  The report writer has stood by these statements.  The government does not object to amending the report to include Defendant's denial of those claims contested in his objection.

1

*Restitution – Fine*

There is no objection that the Defendant be ordered to pay the victims $724,024.14 as set forth at paragraph 101 pursuant to 18 U.S.C. Section 3663A. Because of the considerable amount of restitution and the Defendant's lack of resources, the government asks that no fine be imposed other than the mandatory assessment so that all of the Defendant's resources can be used for restitution.

*Custody*

There is no objection that the guideline range has been correctly computed by the parties and the presentence report writer at level 20 and a criminal history category IV resulting in a custody range of 51 to 63 months.  Even though the plea agreement permits it to request a higher sentence, the government asks the Court to impose a sentence within the guideline range.  Furthermore, considering the sentencing statute, the government asks the Court to consider a sentence at the high end of the guideline range for a number of reasons.  18 U.S.C. Section 3553(a).

*The Nature of the Offense*

The instant offense is serious and appears to have been committed not to keep Defendant's business afloat as much as it was to allow the Defendant to live a lavish lifestyle with other peoples' money.  The presentence report reveals, while soliciting the victims' money, the Defendant maintained a luxury residence in the St. Louis area and at the Lake of the Ozarks as well as a 52-foot yacht and luxury

vehicles of every stripe.  PSR at ¶ 17.  Also during this time, the Defendant
apparently refused to pay numerous vendors and subcontractors and his federal
taxes despite multiple sources of working capital for his business including the
victims.  PSR at ¶ 81.  Despite these obligations, even after pleading guilty,
Defendant maintains two late model personal vehicles worth more than $60,000
and spends nearly $1,000 per month on cell phones, internet and cable television.
PSR at ¶ 80.

*The History and Characteristics of the Defendant*

Although the Defendant's criminal history already counts against him in the
presentence report through his criminal history category of IV, it is important to
remember that Defendant has already been given the opportunity to avoid any
significant term of incarceration in his three prior convictions which give rise to
criminal history points.  Additionally, the defendant has sustained seven prior
convictions for which no criminal history points accrue.

In addition to prior criminal convictions, the presentence report reveals a
lengthy history of financial recklessness resulting including numerous judgements
and two prior bankruptcy filings on the Defendant's behalf.  PSR at ¶¶ 84-85.  This
history is particularly relevant in the present case because Defendant solicited the
victims for investments by presenting himself as a personally wealthy successful
businessperson.  PSR at ¶¶ 14-21.

*Conclusion*

Unfortunately, the presentence report reveals not only a serious economic crime carried out over many months by an offender with an extensive history of criminal and financially reckless behavior.  It also reveals an offender unaffected by the economic harm his actions cause and rather motivated by a desire for possessions and creature comforts.  Defendant has offended in the past and, despite numerous chances for second and third chances, he has offended again.  His past behavior suggests he will victimize others if not incapacitation from doing so.  Therefore, the government respectfully requests the Court impose a sentence at the top end of the applicable guideline range followed by a term of supervised release, for restitution for the victims as set forth in the presentence report and for any further relief the Court deems just and proper.

Respectfully submitted,

JEFFREY B. JENSEN
 United States Attorney
 /s/ Thomas C. Albus
 Thomas C. Albus, #46224MO
 Assistant U.S. Attorney

A true and accurate copy of the foregoing was served electronically upon counsel for the Plaintiff by operation of the Court's electronic filing system this 16th day of May 2018.

/s/ Thomas C. Albus